## PENDAR *v.* KELLEY.

### *Promissory Note.*

A negotiable promissory note given for a patent-right without the words, " Given for a patent-right," inserted therein as required by No. 68, s. 2, of the Acts of 1870,[*] is good in the hands of a *bona-fide* holder for value, who takes it before maturity and without notice of what it was given for.

ASSUMPSIT upon a negotiable promissory note given for an interest in a patent-right, without the words, " Given for a patent-right," inserted therein. The case was referred, and the referee reported that the plaintiff took the note of the payee, who was the vendor of the patent-right, as security for money loaned, before maturity, in good faith, and without notice of what it was given for.

The court, at the February Term, 1875, REDFIELD, J., presiding, rendered judgment on the report for the plaintiff to recover

---

[*] Whereby it is enacted: " Sec. 2. Any person who shall hereafter take any promise or obligation in writing for which any patent-right, or right claimed by him or her to be a patent-right, shall form the whole or any of the consideration, shall, at the time of the taking thereof, insert therein, in the body of the instrument and above the signature thereto, in prominent and legible writing or print, the words, ' Given for a patent-right'; and all such obligations or promises, if transferred, shall be subject to all the defenses to which they would be subject if owned by the original promisee."

the amount of the money loaned, which was less than the amount of the note.   Exceptions by the defendant.

*J. T. Allen*, for the defendant, cited the Laws of 1870, No. 68, s. 2 ; Chitty Cont. (6th ed.) 766, 767 ; *Territt* v. *Bartlett*, 21 Vt. 184 ; *Streit & Co.* v. *Sanborn*, 47 Vt. 702.

*W. D. Crane*, for the plaintiff.

The opinion of the court was delivered by

BARRETT, J.   We think the statute in question in this case was designed to enable the maker of any promise or obligation in writing for an interest in a patent-right, to forefend himself against indefensible liability under the law-merchant.   It is left with him whether he will make the salvo of the statute available for his own protection or not.   If he sees fit to give his negotiable paper in the commercial form, without the "stop-thief" warning in it, it is not for him to go back on some person who has lawfully and innocently dealt with the thief in respect to that paper just as if he was an honest man — the character in which the maker of the paper permitted him to appear with the paper for use and disposal, notwithstanding he had lawful opportunity and power to stamp his true character, and the true character of the paper, on the face of the paper itself.

The provision for a penalty against the person who shall take such paper without the words of warning in it, is not in like terms, nor on the same reason, as the statutes prohibiting gaming, the sale of intoxicating liquor, and the like, which declare void all contracts upon such consideration.   In the present case, it is not criminal, *according to law*, to sell an interest in a patent.   It is not criminal, though, generally, it is intensely foolish, to buy such an interest — especially of the smooth-tongued, blandly-impudent rascals who throng the country and play "heathen Chinee" upon rustic greed for money, to be made by short cut, instead of being earned by plodding and honest industry in accustomed pursuits.

It is not unlawful to give such paper without the prescribed words inserted.   The penalty is imposed only on the taker of

such paper in the first instance. It was not designed to reflect on the contract, or to affect the legal quality or usableness of the paper. As between the maker and payee, and as between the maker and parties taking the paper overdue, or with notice of defective consideration, there was no need of the statute, except for the purpose of having the note itself bear conclusive evidence of being subject to defense on the score of consideration. It is mainly to enable the maker to defend against the note when negotiated before due, that the inserting of the words of warning is required. The provision for the penalty was made in tender consideration of the fact (antagonistic to the maxim that every one is presumed to know the law) that persons not knowing the law, might give notes without that clause inserted, unless the peril of the penalty should hold the swindler from taking such paper. The additional provision for redress by action, points plainly to the view that no other consequences than those expressed in the statute were to ensue upon the taking of such paper without that clause inserted. The party to the sale of the patent who takes such paper, is subjected to liability to the penalty, and to reimburse any damage accruing to the maker. The main if not the only way in which damage would seem likely to accrue to the maker, would be by some innocent holder of it when negotiated before due, enforcing payment from the maker.

The immunity thus provided against the consequences of ignorance, heedlessness, or recklessness, or even the foolishness of persons disposed to dabble in the purchase of interests in patent-rights, seems to be the full extent intended by the legislature, and quite as much as that class of citizens can reasonably ask.

The principle of the case of *Passumpsic Bank* v. *Goss et al.* 31 Vt. 315, and of many like cases before and since, is applicable in full force in the present case, as showing that the morality involved requires that the defendant should not be permitted to cast on the plaintiff, who is an innocent, *bona-fide* holder, the burden from which he might have protected both himself and the plaintiff, but for his own negligence in that behalf.

Judgment affirmed.